**WHITE, Plaintiff-Appellant, v. WHITE, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3792.   Decided October 15, 1945.

Charles R. Doll, Columbus, Frank Shearer, Columbus, for plaintiff-appellant.

Ray E. Hughes and H. A. Glascor, Columbus, for defendant-appellee.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

### OPINION

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio.

On the 25th day of June, 1943, the plaintiff filed her petition asking for a divorce, custody of the minor children, support money for said children, alimony for herself and other equitable relief.

To this petition the defendant filed an answer and cross-petition. The matter came on for hearing upon the pleadings and the evidence on the 18th day of March, 1944. At the conclusion of said hearing the Court dismissed the petition of the plaintiff and awarded the defendant a divorce on his cross-petition, granting the plaintiff custody and control of the three minor children of the parties hereto and ordered the defendant to pay the sum of $250.00 per month as support money for the plaintiff and the children.

On October 18, 1944, the defendant filed his motion containing two branches, to change and modify the order, judgment and decree of March 18, 1944. In the first branch of said motion the defendant sought a change of custody of the three children previously awarded to the plaintiff, and for an order confining their custody and control to him. The Court sustained this motion in part by awarding two of the children to the custody of the defendant. In the second branch defendant sought to modify the order awarding plaintiff $250.00 per month as and for permanent alimony and support money for their children. This motion was sustained and the plaintiff was awarded $10.00 per week for the support of the child retained in her custody. In its order, judgment and decree of March 18, 1944, the Court found in part as follows:

"The Court finds that the plaintiff is and has been a good mother and that she has given their children reasonably good care as such."

On the hearing of defendant's motion to modify, the Court admitted evidence to be introduced tending to show the unfitness of the plaintiff as custodian of the children at and before the time she was awarded their custody, to wit, March 18, 1944. This evidence was objected to and at the close of all the evidence the plaintiff moved the Court to expunge from the record all such evidence. This motion was overruled and exceptions noted.

The most recent pronouncement on this question is found in the case of **Rauth v Rauth, 73 Oh Ap, 564.** Here the Court says in the 3rd syllabus:

"In a hearing on motion to modify an order awarding custody of a child, evidence tending to show the unfitness of

the custodian of the child, at or before the time said award was made is not admissible. Evidence only of the unfitness of the custodian since the time of the award may be introduced."

We have no transcript of the testimony offered in the original hearing. Counsel for the appellee urges that the appellant waived his objections to this evidence when he said "I have no objection to the whole record being introduced." It is admitted in the record that several witnesses testified at the hearing on the motion, who did not testify at the original hearing. These witnesses told of the drinking habits of the plaintiff and of her associating with a married man prior to March 18, 1944. The defendant urges that these witnesses refused to testify in the original proceeding, and since that evidence was not obtainable then, that it now becomes admissible. Such we do not think to be the law. In this hearing the Court was limited to hear only testimony showing conditions which arose subsequent to the granting of the decree on March 18, 1944. We do not have the means of knowing what evidence influenced the Court in arriving at its decision, but we feel that statements of the plaintiff's association with a certain married man prior to the decree would have a direct bearing upon the fitness of this plaintiff to have the custody of these minor children. We, therefore, feel that this was prejudicial error.

The appellant contends further that the Court erred and abused its discretion in allowing her only $10.00 per week as support money for the daughter allowed to remain in her custody. This contention seems to us to be well grounded as the defendant testified that his gross earnings as a practicing physician averaged anywhere from $1200.00 to $1500.00 per month. This child is entitled to maintenance in conformity with the defendant's station in life and an allowance of only $10.00 per week would be inadequate to meet this requirement. This was error and an abuse of discretion.

The defendant has also filed a cross-petition contending that the Court erred in allowing the election of the child Phyllis, aged ten years, to control as to which parent said child should live with. This selection was made in compliance with §8033 GC, and was properly made. We find no error under this assignment.

The judgment is reversed and the cause ordered remanded for further proceedings.

HORNBECK, P. J., and MONTGOMERY, J., concur.